UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES A. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-2565  (UNA) |
| | ) | |
| E. ROGERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1.  The Court grants the application and, for the reasons discussed below, dismisses the complaint.

A *pro se* litigant's pleading is held to less stringent standards than would be applied to a formal pleading drafted by lawyer.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's complaint, in its entirety, alleges his "music book was stolen by Mr. E. Rogers under the table and [he] wants [his] money for [his] songs." Compl. at 1.  As drafted, the complaint fails to comply with the minimal pleading standard set forth in Rule 8(a).

First, Plaintiff does not state a basis for this Court's jurisdiction.  The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  Federal question jurisdiction may exist, but missing are any factual allegations regarding any act or omission by the United States Copyright Office.  Diversity jurisdiction might exist, but the complaint neither alleges facts regarding Rogers' citizenship nor indicates that the amount in controversy exceeds $75,000.

Second, the complaint fails to give either Defendant adequate notice of the claim Plaintiff attempts to bring, as there are no factual allegations when, where, or how Plaintiff's music book was stolen.  Accordingly, the Court will grant the application to proceed *in forma pauperis* and dismiss the complaint without prejudice.   A separate order will issue.

DATE: September 29, 2022

                                                JIA M. COBB
                                                United States District Judge